IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARIA STONE, et al.,

        Plaintiffs,

v.                                      CIVIL ACTION NO.   2:12-cv-00652

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the defendants' Motion for Summary Judgment [ECF No. 122]. As set forth below, the defendants' Motion is **GRANTED in part** and **DENIED in part**.

I.    Background

This action involves an Arizona plaintiff who was implanted with a Prolift, a mesh product manufactured by Ethicon. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis

so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at* *http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 1 case."

## II.     Legal Standards

### A.     Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light

most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

    B.    **Choice of Law**

The parties agree, as does this court, that Arizona law applies to the plaintiffs' claims. The plaintiffs originally filed this action in the United States District Court for the District of Arizona. Arizona follows the "most significant relationship" test, as outlined in the Restatement (Second) of Conflict of Laws, in determining choice of law questions. *Bates v. Super. Ct.*, 749 P.2d 1367, 1369–70 (Ariz. 1988). "Courts look to four factors in making this determination: (1) the place where the injury occurred, (2) the place where the conduct causing the injury occurred, (3) the domicile of the parties, and (4) the place where the parties' relationship is centered." *Sutter Home*

*Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 407 (9th Cir. 1992) (citing *Bates*, 749 P.2d at 1370). Here, the implantation surgery took place in Arizona. Ms. Stone is an Arizona resident, and she received medical care for her alleged injuries in Arizona. Accordingly, Arizona law governs the plaintiffs' case.

### III.   Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' legal theories are without evidentiary or legal support.

#### A.   Conceded Claims

The plaintiffs concede the following claims: manufacturing defect, defective product, and breach of implied warranty. Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

#### B.   Fraud-based Claims and Negligent Misrepresentation

The plaintiffs' fraud-based claims and their claim of negligent misrepresentation are simply repackaged failure-to-warn claims. But the plaintiffs have not identified any particular statements by Ethicon upon which they relied. This inability to identify any particular fraudulent statements upon which they relied indicates that the gravamen of these claims is Ethicon's failure to warn the plaintiffs about particular risks or dangers associated with the Prolift. If the learned intermediary doctrine "could be avoided by casting what is essentially a failure to warn claim under a different cause of action . . . then the doctrine would be rendered meaningless." *In re Norplant Contraceptive Prods. Liab. Litig.,* 955 F. Supp. 700, 709

(E.D. Tex. 1997). Accordingly, I predict with confidence that, if confronted with this precise issue, the Arizona Supreme Court would hold that the learned intermediary doctrine applies to all claims based on a medical device manufacturer's failure to warn, including fraud, fraudulent concealment, constructive fraud, and negligent misrepresentation. Accordingly, Ethicon's Motion regarding the plaintiffs' fraud-based claims and their claim of negligent misrepresentation is **GRANTED.**

### C. Breach of Express Warranty

The plaintiffs cannot establish that Ethicon made any express warranty because they have not even identified any statement made by Ethicon to them concerning the Prolift. Accordingly, Ethicon's Motion on this point is **GRANTED**.

### D. Unjust Enrichment

The plaintiffs have not identified any evidence to support their unjust enrichment claim. Accordingly, Ethicon's Motion on this point is **GRANTED**.

### E. Negligent Infliction of Emotional Distress

The plaintiffs have not provided sufficient evidence of physical injury or "substantial, long-term emotional disturbances" rising to the level of severe emotional distress. *See HM Hotel Props. v. Peerless Indem. Ins. Co.*, 874 F. Supp. 2d 850, 853 (D. Ariz. 2012) (citing *Monaco v. HealthPartners of S. Arizona,* 995 P.2d 735, 739 (Ariz. Ct. App. 1999)). Accordingly, Ethicon's Motion on this point is **GRANTED**.

F.  All Remaining Claims

The court **FINDS** that genuine issues of material fact exist regarding the plaintiffs' remaining claims. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

IV.  Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 122] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: manufacturing defect, defective product, common law fraud, fraudulent concealment, constructive fraud, negligent misrepresentation, breach of implied warranty, breach of express warranty, negligent infliction of emotional distress, and unjust enrichment. Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: January 26, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE